UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES D. FORD,

    Petitioner,

vs.                              Case No. 2:07-cv-333-FtM-99SPC

SECRETARY, DEPARTMENT OF CORRECTIONS; ATTORNEY GENERAL OF THE STATE OF FLORIDA,

    Respondents.
_____

**OPINION AND ORDER**

**I. Status**

    Petitioner James D. Ford (hereinafter "Petitioner" or "Ford") an inmate of the Florida penal system who is under a sentence of death and is represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #15, Petition) pursuant to 28 U.S.C. § 2254 on June 11, 2007. The Petition challenges Petitioner's June 3, 1999 state court judgment of conviction for sexual battery with a firearm, aggravated child abuse, and two counts of first degree murder, which was entered in the Twentieth Judicial Circuit, Charlotte County, Florida (case number 97-351-CF). Petition at 1. Respondent filed a Response to the Petition, incorporating a motion to dismiss the Petition as time barred (Doc. #16, Resp. Motion). Petitioner filed a Response to Motion to Dismiss (Doc. #19, Pet. Response). Respondent, after

being directed by the Court (Doc. #18), filed a Reply to the Response (Doc. #19, Resp. Reply). Respondent also filed a Notice of Supplemental Authority in support of the Motion to Dismiss (Doc. #21). This matter is ripe for review.

## II. Procedural History

In 1999, Ford was convicted of sexual battery with a firearm, aggravated child abuse, and two counts of first degree murder, and was sentenced to death on each count of first degree murder. Petition at 1, ¶2. The Florida Supreme Court affirmed Ford's convictions and sentence of death on September 13, 2001. Ford v. State, 802 So. 2d 1121 (Fla. 2001). On May 28, 2002, the United States Supreme Court denied *certiorari*. Ford v. Florida, 535 U.S. 1103 (2002). On May 28, 2003, Ford, represented by counsel, filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Id., ¶5. On April 12, 2007, the Florida Supreme affirmed the denial of Ford's Rule 3.850 motion; mandate issued on May 7, 2007. Ford v. State, 955 So. 2d 550 (Fla. 2007); Resp. Motion at 2.

On April 16, 2007, counsel for Petitioner filed a "Motion for Appointment of Counsel for Representation in Federal Habeas Corpus Proceedings in a Capital Case" in the Tampa Division of this Court. See Doc. #1. The Tampa Division transferred the file to this Court, and this matter was docketed as a miscellaneous case until Petitioner completed an Affidavit of Indigence, in order for the

Court to determine whether Petitioner was entitled to appointment of counsel pursuant to 18 U.S.C. § 3599.  See Doc. #5.  On May 21, 2007, Petitioner filed an affidavit of indigence; and, this matter was assigned the above captioned civil case number.  See Docs. ##7, 8.  On May 30, 2007, the Court granted Petitioner *in forma pauperis* status, and granted counsel's motion for appointment in this matter.  See Docs. ##12, 12.  On June 11, 2007, Petitioner filed the instant Petition in this Court.  See Doc. #15.

### III. Applicable § 2254 Law

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

The AEDPA imposes a one-year statute of limitations for filing a federal habeas petition, which runs from the date on which the state court judgment of conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  Here, Ford's conviction became final on **May 28, 2002**, when the United State Supreme Court denied *certiorari* review of the Florida Supreme Court's opinion affirming Ford's convictions

and sentences. Thus, Ford had until **May 28, 2003**, to file a timely federal habeas petition.[1]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during which "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Ford filed a motion for state post-conviction relief on May 28, 2003, the date the federal limitations period expired. Since mandate on Ford's post-conviction motion issued on May 7, 2007, and Petitioner did not file the instant Petition until June 11, 2007, the instant Petition is untimely: 36 days late.

The parties do not dispute that the Petition was filed in excess of this one-year limitations period. Petition at 7; Resp. Motion at 3. Petitioner submits that Ford is entitled to the doctrine of equitable tolling because he "exercised due diligence." Pet. Motion at 2.[2] In particular, Petitioner argues that because his previous State counsel permitted the entire one-year period to expire before he filed a post-conviction motion, and because Ford filed a motion for appointment of counsel before the expiration of

---

[1] Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

[2] Petitioner has not requested an evidentiary hearing on the equitable tolling issue, and the Court independently finds that a hearing is not required in this case. 28 U.S.C. § 2244; Drew v. Department of Corrections, 297 F.3d 1278, 1292 (11th Cir. 2002).

the federal limitations period, Ford should be entitled to equitable tolling during the time that his motion for appointment of counsel was pending. Id. As evidence of "an unavoidable extraordinary circumstance," Petitioner points to the fact that this Court's "[O]rder granting appointment of [counsel] was not rendered until after the Florida Supreme Court issued its mandate and the statute of limitations had already elapsed." Id. at 3. Petitioner further submits that the filing of the instant Petition within twelve days after counsel was appointed demonstrates "due diligence" on Petitioner's part. Id.

As stated by the United State Supreme Court, a petitioner "seeking equitably tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(citation omitted).[3] Thus, equitable tolling is appropriate only when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling "is an extraordinary remedy that must be applied sparingly." Holland v. Florida, 539

---

[3]The United State Supreme Court has yet to conclusively decide whether the AEDPA's statute of limitations permits equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007).

F.3d 1334, 1338 (11th Cir. 2008); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). This high hurdle is not surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted). Attorney negligence does not warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-337 (2007). See also Holland, 539 F.3d at 1339; Melson v. Allen, 548 F.3d 993, 1001 (11th Cir. 2008).

The Respondent disputes that equitably tolling is applicable in the instant case. See generally Resp. Motion, Resp. Reply. First, Respondent correctly recognizes that the filing of a motion for appointment of counsel is not an application for relief and does not toll the limitations period. Woodford v. Garceau, 538 U.S. 202, 207 (2003)(stating for purposes of 28 U.S.C. § 2254, an application for habeas relief is a filing that seeks "an adjudication on the merits of the petitioner's claims."); Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) ("finding [a] habeas petition is pending only after a petition for a writ of habeas corpus itself is filed. Thus, the filing of the federal habeas petition-not of a motion for appointment of counsel-tolls limitations.") (internal quotation marks, citation and

footnote omitted), cert. denied, 537 U.S. 1116 (2003); see also Isaacs v. Head, 300 F.3d 1232, 1245 (11th Cir. 2002)(rejecting argument that habeas case under section 2254 is deemed pending when application for appointment of counsel is filed). Second, Respondent points out that to the extent that Petitioner faults his State counsel for permitting the federal one-year limitations period to expire on the day he filing the Rule 3.850 motion, an attorney's mere negligence has been soundly rejected as a basis for equitable tolling. Lawrence v. Florida, 549 U.S. 336-337; Lawrence v. Florida, 539 F.3d at 1339; Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005).

The Court finds that Petitioner has failed to show that he is entitled to the benefit of equitable tolling. Petitioner does not demonstrate any external impediment to explain why 365 days elapsed before his Rule 3.850 motion was filed. While certain attorney misconduct "going beyond 'mere negligence' may constitute an extraordinary circumstance warranting equitable tolling," Holland, 539 F.3d at 1339, Petitioner does not allege, yet alone demonstrate, "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" that "can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling." Id., (citing Downs v. McNeil, 520 F.3d 1311 (11th Cir. 2008)). See also Melson v. Allen, 548 F.3d 993, 1001 (11th Cir. 2008). Nor does Petitioner aver that he personally undertook any assertive or prudent actions to

-7-

independently ensure that his federal limitations period did not expire.

ACCORDINGLY, it is hereby **ORDERED and ADJUDGED**:

1. The Petition for Writ of Habeas Corpus (Doc. #15) is **DISMISSED** as untimely.

2. Respondents' Motion for Ruling (Doc. #22) is **DENIED** as moot.

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __17th__ day of September, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Counsel of Record